**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOSEPH D. MCGOWEN, ) | | |
| DREW J. WALLSMITH, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| vs. ) | 1:07-cv-1020-DFH-JMS | |
| ) | | |
| The BON-TON DEPARTMENT STORES, INC.,) | | |
| et al., ) | | |
| ) | | |
| Defendants. ) | | |

**ENTRY DENYING PLAINTIFFS' MOTIONS TO BIFURCATE**

Plaintiffs Drew J. Wallsmith and Joseph D. McGowen seek to bifurcate their claims into separate actions (dkts 43 and 50 respectively). These motions must be denied because separate trials of the plaintiffs' claims are not convenient or in the interest of judicial economy, and any potential prejudice to the plaintiffs will not be avoided by conducting separate trials.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial. . . ."

There are common questions of both law and fact in the plaintiffs' claims. For example, Wallsmith and McGowen both claim they were subjected to same-sex sexual harassment, each allegedly by the same male manager at the Parisian store. The plaintiffs allege that they submitted complaints to management (through former co-plaintiff Hashem) about their harassment, and that they were terminated on the same day in November 2006, by the same individuals, in retaliation for the alleged complaints to management about suspected harassment. The defendants deny that any harassment took place, against any of the plaintiffs, and deny that any complaints of alleged harassment against any of the plaintiffs were ever reported to the defendants. The defendants furthermore assert that the actual reason for the plaintiffs' termination was the fact that all three (then representing 75% of the entire Loss Prevention department of the store) decided to go to Las Vegas, Nevada, during the weekend after Thanksgiving – the busiest shopping day of the year in the retail industry – leaving behind a single and inexperienced Loss Prevention Associate.

Based on the common questions of law and fact asserted in this action, bifurcating the plaintiffs' claims would not promote judicial economy and would prejudice the *defendants* as they would have to try many of the same issues twice. Further, the plaintiffs cannot avoid evidence about their collective relationship with each other through separate trials, as the defendants intend to solicit testimony from and about all of them, at any trial addressing Wallsmith's and McGowen's claim.

In addition, there is a possibility that allowing separate juries to hear each plaintiff's claims could violate the Seventh Amendment which states that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States. . . ." This provision prohibits the same essential issue from being decided by separate juries. While separate juries can examine overlapping evidence, they may not decide factual issues common to both trials and essential to the outcome of both trials. The Seventh Circuit has explained:

> To avoid conflict with this constitutional provision, questions in a single suit can only be tried by different juries if they are "so distinct and separable from the others that a trial of [them] alone may be had without injustice." *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). In other words, the district court "must not divide issues between separate trials in such a way that the same issue is reexamined by different juries." *Matter of Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir.1995). While both juries can examine overlapping evidence, they may not decide factual issues that are common to both trials and essential to the outcome. *PaineWebber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith*, 587 F.Supp. 1112, 1117 (D.Del.1984).

*Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1126 (7th Cir. 1999).

If the plaintiffs' trials are separated, the single issue of whether the defendants retaliated against the plaintiffs – by terminating them pretextually due to their alleged harassment complaints – would need to be decided by at least two separate juries, creating a risk of inconsistent verdicts, thus violating the prohibition set forth in the Seventh Amendment.

Accordingly, the plaintiffs' motions are **denied**, and this matter shall proceed toward a common trial on all issues which are set forth in the plaintiffs' complaint.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 8/27/2008

Distribution:

Pamela M. Keith
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
pamela.keith@ogletreedeakins.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com

Joseph D. McGowen
5731 E. N. County Line Road
Camby, IN 46113

Drew J. Wallsmith
5436 E. 100 South
Greentown, IN 46936